989 So.2d 710 (2008)
Antonio SPEED, Appellant
v.
SECURITAS USA and Broadspire, Appellees.
No. 1D07-3481.
District Court of Appeal of Florida, First District.
August 27, 2008.
*711 Dennis D. Smejkal, Winter Park, and Bill McCabe, Longwood, for Appellant.
H. George Kagan and Celine Abramschmitt of Miller, Kagan, Rodriguez & Silver, P.L., West Palm Beach, for Appellees.
PER CURIAM.
In this workers' compensation appeal Claimant contests the JCC's finding that his heart attack was not a compensable injury pursuant to section 440.093(1), Florida Statutes (2003). Claimant argued that this section did not apply to his claim, but, rather, the JCC should have applied section 440.09(1), Florida Statutes (2003). For the reasons explained below, we agree with Claimant and reverse.
Claimant worked as a security guard for the Employer. On December 18, 2006, he was assigned to secure one of the Employer's facilities, a structure that was over 200 feet tall. After securing the building's top floors Claimant entered the elevator to make his way down. The elevator malfunctioned, resulting in a series of "drop and catch" episodes whereby the elevator would drop for a distance, catch, and then start dropping again. This went on for several minutes. Claimant testified that, during this event, he attempted to stop the elevator, escape from it, and call for help on the emergency telephone, all to no avail. He experienced what he described as a "panic attack," fear of impending death, weakness, and stress. The elevator eventually landed at the bottom. Claimant reported the incident to a colleague, and told her he felt chest pain. At first he believed this pain was due to the physical exertion he expended attempting to open the elevator doors.
Claimant's chest pain persisted for several days, prompting him to go to the hospital. He reported what had happened, and described having a "panic attack." A series of diagnostic tests revealed Claimant had actually suffered a minor heart attack, and Claimant received medical treatment for his heart attack. He reported this to his employer, and in an incident report he again described having a panic attack. Claimant testified he still becomes emotional when he describes the incident, still has thoughts about the incident, is fearful of the elevator, and refuses to use it anymore.
The only expert to testify in this matter was Claimant's independent medical examiner, Dr. Mathias. Dr. Mathias testified that the major contributing cause of Claimant's heart attack was the elevator incident. He explained that Claimant's heart attack was due to an overwhelming stress response to the incident, and that this response was physiological. The doctor also testified that he did not know of Claimant having any mental or nervous injury, including anxiety, depression or *712 post-traumatic stress, either before or after the incident.
The employer/carrier (E/C) denied the claim, asserting that Claimant's heart attack was a physical injury caused by a mental or nervous injury unaccompanied by physical trauma requiring medical treatment, and thus was not compensable pursuant to section 440.093(1). Claimant contends that this statute is inapplicable here because he did not suffer a mental or nervous injury that caused his heart attack, and therefore he was only required to prove that the elevator incident was the major contributing cause of his injury.
Section 440.093(1), Florida Statutes (2003), provides:
A mental or nervous injury due to stress, fright, or excitement only is not an injury by accident arising out of the employment. Nothing in this section shall be construed to allow for the payment of benefits under this chapter for mental or nervous injuries without an accompanying physical injury requiring medical treatment. A physical injury resulting from mental or nervous injuries unaccompanied by physical trauma requiring medical treatment shall not be compensable under this chapter.
The JCC found Claimant's heart attack constituted a physical injury. He also acknowledged there was no expert psychiatric testimony or other evidence that Claimant suffered a mental or nervous injury. However, based on Claimant's description of experiencing a panic attack, as well as his continued emotional response to the incident, the JCC found Claimant did suffer from a mental or nervous injury. The JCC also concluded that Claimant did not suffer any physical trauma requiring medical treatment, and thus, section 440.093(1) precluded compensability of the heart attack.
Section 440.09(1) requires a claimant establish a workplace accident was more than 50% responsible for a claimed injury. This must be established by "a reasonable degree of medical certainty, based on objective relevant medical findings." Here, Claimant satisfied this requirement through Dr. Mathias' undisputed testimony that Claimant's heart attack was caused by a stress response to the elevator incident. The doctor did not testify that it was caused by a mental or nervous injury.
Thus, the burden shifted to E/C to prove within a reasonable degree of medical certainty, based on objective, relevant medical evidence, that the major contributing cause of Claimant's heart attack was a nervous or mental injury. E/C did not satisfy their burden because they failed to present any expert medical testimony or other objective medical evidence that Claimant was diagnosed with a mental or nervous injury, nor that such injury, if it existed, was the major contributing cause of his heart attack. Neither Claimant's self-diagnosis of experiencing a panic attack, nor the JCC's determination that "common sense" dictated Claimant had in fact suffered a mental or nervous injury, can substitute for the section 440.09(1) evidentiary requirement.
Significantly, the first sentence of section 440.093(1) differentiates between mental or nervous injuries caused by "stress, fright, or excitement," and physical injury caused by "mental or nervous injuries." Thus, stress, fright, or excitement does not necessarily equate to a mental or nervous injury. A mental or nervous injury must be established by medical evidence. Here, there was no CSE that Claimant incurred a mental or nervous injury, or, if he did, that this caused his heart attack. However, even if there had been evidence that Claimant had suffered a mental or nervous injury, his heart attack would have been compensable under section 440.093(1), *713 Florida Statutes, because Claimant's heart attack constituted a physical trauma that required medical treatment.
For the foregoing reasons, we REVERSE the JCC's order denying compensability, and REMAND for proceedings consistent with this opinion.
BROWNING, C.J., WOLF and WEBSTER, JJ., concur.